# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES FRAVEL**, on behalf of himself and all others similarly situated, | ) ) Case No. ) |
| Plaintiff, | ) ) Judge ) |
| vs. | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| **GENERAL MILLS OPERATIONS, LLC**, | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

Named Plaintiff Charles Fravel ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against Defendant General Mills Operations, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons as defined herein who may join this case pursuant to §216(b) (the "FLSA Collective Class").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of himself and all other similarly situated workers (the "Ohio Class") as defined herein.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in McArthur, Ohio in Vinton County.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

10. Defendant General Mills Operations, LLC is a for-profit limited liability company organized under the laws of the State of Delaware. Defendant is registered as a foreign corporation in Ohio. Defendant can be served through its statutory agent: National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

11. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

15. Defendant operates a food production facility in Wellston, Ohio.

16. Plaintiff and others similarly situated are current and former hourly, non-exempt employees of Defendant who were directly involved in the manufacturing, handling, and packaging of food products, and were in direct contact with or in direct proximity to food ingredients, food products, food preparation surfaces, and food packaging materials (hereinafter "Food Production Employees").

17. As a manufacturer of food products, Defendant is regulated by the U.S. Food and Drug Administration ("FDA"), and is subject to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 9, *et seq.* (hereinafter "FDCA").

18. In enforcing the FDCA, the FDA promulgates Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food, set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

19. The FDCA prohibits the adulteration of food, and the introduction or delivery for introduction into interstate commerce of any adulterated food.  21 U.S.C. § 331.

20. Food is considered adulterated "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health[.]" 21 U.S.C. § 342(a)(4).

21. Any person who violates 21 U.S.C. § 331 "shall be imprisoned for not more than one year or fined not more than $1,000, or both."  21 U.S.C. § 333(a)(1).

22. In determining whether food is adulterated, the FDA applies the criteria and definitions set forth in the GMPs. 21 C.F.R. § 110.5(a).

23. Consequently, if Defendant's Food Production Employees did not follow the GMPs set forth in 21 C.F.R. § 110.10(b), they could be held criminally liable under 21 U.S.C. § 333(a)(1).

24. The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging materials ***shall conform to hygienic practices while on duty*** to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b) (emphasis added). These practices include, but are not limited to, "[w]earing outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials," and "[w]ashing hands thoroughly (and sanitizing if necessary to protect against contamination with undesirable microorganisms) in an adequate hand-washing facility before starting work…." *Id.*

25. The outer garments Defendant's Food Production Employees were required to wear to protect against the contamination of food, food-contact surfaces, and food-packaging materials included a sanitary smock, hairnet, and boots.

26. It would be impossible for Defendant's Food Production Employees to perform their work duties unless they wore these outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials, or if they did not wash their hands.

27. Indeed, if Food Production Employees did not follow federal regulations by washing their hands and wearing outer garments that protect against the contamination of food, food-contact surfaces, or food-packaging materials, it is possible, if not likely, that this would cause the spread of contaminants and food-borne pathogens to those who consumed Defendant's food products.

28. Therefore, washing their hands and donning and doffing outer garments that protect against the contamination of food, food-contact surfaces, or food-packaging materials, including the aforementioned boots, is integral and indispensable to the work performed by Defendant's Food Production Employees, an intrinsic element of their activities, and one in which they cannot dispense if they are to perform their principal activities.

29. Food Production Employees are required to store their boots at Defendant's facility to prevent the boots from spreading contamination from outside sources to food, food-contact surfaces, or food-packaging materials.

30. Accordingly, when Food Production Employees arrive at Defendant's production facility, but before they clock in for work, they must go to Defendant's locker room and change into their boots and don their hairnet, which must be worn at all times while on Defendant's production floor.

31. After donning their boots and hairnet, Food Production Employees walk from Defendant's locker room to a boot scrubber, where their boots are washed of any remaining contaminants.

32. After going through the boot scrubber, Food Production Employees must then wash their hands. Only after they have donned their boots and hairnet, gone through the boot scrubber, and washed their hands may Food Production Employees clock in for work and enter the production floor.

33. After Food Production Employees clock in for work and enter the production floor, they then don their smock.

34. At the end of their scheduled shift, Food Production Employees remove their smock before leaving the production floor, and then clock out. After clocking out, Food Production Employees must walk back to Defendant's locker room, and remove their hairnet and boots.

35. Pursuant to the "Continuous Workday Rule," Food Production Employees should have been paid from the time of their first principal activity of the day until the time of their last principal activity of the day.

36. Donning the boots and hairnet was Food Production Employees' first principal activity of the day.

37. Doffing the boots and hairnet was Food Production Employees' last principal activity of the day.

38. Thus, Food Production Employees should have been paid for the time they spent donning and doffing their boots and hairnet, walking through the boot scrubber, washing their hands, and the associated travel time.

39. But, Plaintiff and other similarly situated Food Production Employees were not paid for all of the time they spent donning and doffing their boots and hairnet, walking through the boot scrubber, washing their hands, or for the associated travel time.

40. Plaintiff and other similarly situated employees, as full-time Food Production Employees, regularly worked over 40 hours in a workweek in the three years preceding the filing of this Action, including time spent donning and doffing their boots and hairnet, walking through the boot scrubber, washing their hands, and associated travel time.

41. As a result of Plaintiff and other similarly situated Food Production Employees not being paid for the time spent donning and doffing their boots and hairnet, walking through the boot scrubber, washing their hands, or for the associated travel time, Plaintiff and other similarly situated Food Production Employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

42. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

43. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated Food Production Employees.

44. The amount of time Plaintiff and other similarly situated Food Production Employees spent performing unpaid work was approximately ten to fifteen minutes or more each day. This resulted in approximately 50 to 75 minutes or more of unpaid overtime per class member, per week.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

46. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current hourly full-time non-exempt production employees at Defendant's facility in Wellston, Ohio who were directly involved in the manufacturing, handling, or packaging of food, and who were required to don and doff boots and a hairnet at Defendant's facility, but were not paid for that time or the associated travel time at an overtime rate within three (3) years preceding the date of the filing of this Action to the present (the "FLSA Collective Class").**

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

49. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant at its Wellston, Ohio plant within the last two years ("Ohio Class") defined as:

> **All former and current hourly full-time non-exempt production employees at Defendant's facility in Wellston, Ohio who were directly involved in the manufacturing, handling, or packaging of food, and who were required to don and doff boots and a hairnet at Defendant's facility, but were not paid for that time and the associated travel time at an overtime rate within two (2) years preceding the date of the filing of this Action to the present (the "Ohio Class").**

50. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least several hundred persons.

51. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for donning and doffing time and associated travel, and whether that resulted in the underpayment of overtime.

52. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

53. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

57. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

59. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Defendant's practice of not paying Plaintiff and other similarly situated employees for donning or doffing time and associated travel each day resulted in the underpayment of overtime in violation of Ohio law.

62. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G.    Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone:    330-470-4428
Facsimile:    330-754-1430
Email:    sdraher@ohlaborlaw.com
    hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone:    216-230-2955
Facsimile:    330-754-1430
Email:    jmoyle@ohlaborlaw.com

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs demands a trial by jury on all eligible claims and issues.

> */s/ Shannon M. Draher*
> Shannon M. Draher
> *Counsel for Plaintiff*